This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40122**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PATRICIO LEYBA,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**David A. Murphy, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals from the metropolitan court's judgment convicting him of aggravated DWI, stopped vehicle not to interfere with traffic, and open container, and suspending his sentence pursuant to the DWI first offender program. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**    Defendant's memorandum in opposition continues to maintain, based on the same theories posited in his docketing statement, that (1) there was fundamental error when the State took no action to amend the criminal complaint other than stating at a

hearing that the driving while intoxicated (DWI) charge was amended from a second offense DWI to a first offense DWI [DS 4; MIO 4-5]; and (2) the State deprived Defendant of his right to a jury trial by amending the criminal complaint for the sole purpose of reducing the maximum possible incarcerated sentence to equal six months [DS 5; MIO 5-7].

{3}     Relative to the first issue, we remain unpersuaded that the authority upon which Defendant relies is controlling in this case and hold that Defendant has not established fundamental error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4}     As for the second issue, Defendant does not refer us to any authority holding that the right to a jury trial may be based on whether the State has provided a good-faith reason for charging a defendant with a lesser offense, and we remain unpersuaded that Defendant's right to a jury trial was violated.

{5}     For the reasons provided above and in our notice, we affirm the district court's judgment and sentence.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**